NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAND JOSEPH HOOKS, JR., | ) | |
| | ) | Supreme Court No. S-15268 |
| Petitioner, | ) | |
| | ) | Superior Court No. 3AN-05-11731 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| DAWN CORRETTA DENNIS, | ) | AND JUDGMENT* |
| | ) | |
| Respondent. | ) | No. 1504 - June 25, 2014 |
| | ) | |

Petition for Review from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Rand Joseph Hooks, Jr., pro se, Anchorage, Petitioner. Dawn Corretta Dennis, pro se, Litchfield Park, Arizona, Respondent.

Before: Fabe, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Stowers, Justice, not participating.]

1. This matter arises from on-going divorce litigation in the superior court. Rand Hooks and Dawn Dennis married in 1996. Hooks initiated divorce and child custody proceedings in 2005, but Hooks and Dennis reconciled and they dismissed the court action in 2006.

2. In 2011 Dennis caused the case to be reopened, ultimately seeking divorce, child custody and support, and a property division. Hooks then moved for an

_____

* Entered under Alaska Appellate Rule 214.

order declaring the marriage void ab initio, on the ground that Dennis had still been married to her previous husband when she married Hooks;[1] he argued that without a valid marriage, there could be no marital property division.

3.      The superior court held trial in March 2013.  The court first heard testimony about the circumstances of the marriage, and then about child custody and property issues.  The marriage testimony was consistent with the documents in the record.  Hooks contended that he had been defrauded into the marriage and that the marriage was illegal.  Dennis testified that Hooks knew about her previous marriage and had actually taken her to the courthouse for her divorce hearing; that when the hearing was completed she assumed she was divorced; but that she did not receive her divorce papers until after she married Hooks, and the decree post-dated her marriage to Hooks.

4.      There was no dispute that the parties had lived together as a married couple, apart from a separation during the 2005 proceedings, from 1996 until the date of separation in 2010.  The court stated that it would consider whether the marriage was void, but if it were void, that it would have to consider whether the parties had resided together in a domestic partnership that would entail a property division based on the parties' intent.[2]

5.      The superior court issued a written decision later in March denying Hooks's motion to declare the marriage void based on AS 25.05.051, which provides as follows:

> If, during the lifetime of a husband or wife with whom a marriage is still in force, a person remarries and the parties to

---

[1]      *See* AS 25.05.021(1) (providing marriage is void if performed when either party has living spouse).

[2]      *Cf. Boulds v. Nielsen*, 323 P.3d 58, 62-63 (Alaska 2014).

the subsequent marriage live together as husband and wife, and one of the parties to the subsequent marriage believes in good faith that . . . the former marriage has been annulled or dissolved by a divorce or is without knowledge of the former marriage, then after the . . . divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, they are legally married from the time of removal of the impediment
. . . .

6.    Final judgments on child custody and support were entered in April 2013.  No appeal from these judgments was filed.

7.    At an August 2013 status conference, Hooks claimed not to have received a copy of the court's March order.  The superior court advised Hooks that the motion to declare the marriage void had been denied, that the issue had been decided, and that Hooks had the right to appeal the court's decision.  It also indicated it would issue a final judgment in the near future.

8.    Hooks filed an appeal of the March order in late August 2013.  The superior court litigation continued, and it appears from a December 2013 order that at least at that time no final judgment had been entered to effectuate the divorce and property division.  Both Hooks and Dennis, appearing pro se, filed briefs in this court.

9.    It is evident that this matter should not have been considered an appeal because no final judgment of divorce was entered.[3]  Hooks's appeal should have been considered a petition for review from an interlocutory order.[4]  But in light of the unique circumstances of this case, the parties' pro se status, and the desirability of resolving Hooks's assertion that the marriage was void to facilitate conclusion of the

---

[3]    *See* Alaska R. App. P. 202(a).

[4]    *See* Alaska R. App. P. 402(a)(1).

continuing superior court litigation, we convert Hooks's appeal to a petition for review and grant review.[5]

10.     The superior court's reliance on AS 25.05.51 was well placed. There is no dispute about the underlying facts: Hooks knew in 1996 that Dennis was married to another man; Hooks took Dennis to the courthouse for her divorce hearing; Dennis assumed her divorce was final at the completion of the hearing; Hooks assumed Dennis was divorced; Hooks and Dennis married; Dennis later received her divorce papers, dated after her marriage to Hooks; and Hooks and Dennis lived together for nearly 15 years holding themselves out as married. Based on these facts, the superior court did not err in concluding that under the statute the parties' marriage was legal upon the entry of Dennis's divorce.

11.     We therefore AFFIRM the superior court's March 2013 denial of Hooks's motion to declare the parties' marriage void ab initio.

---

[5]     *See* Alaska R. App. P. 402(b).